UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARY BRASWELL, as Conservator of FRANK D. HORTON, Individually,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA,<br><br>Defendant. | Civil Action No. 3:08-0691<br>Judge Nixon<br>Magistrate Judge Knowles<br>Jury Demand |

## AMENDED ~~PROPOSED~~ CASE MANAGEMENT ORDER

Plaintiff Mary Braswell ("Plaintiff"), as Conservator of Frank D. Horton ("Horton"), and Defendant Corrections Corporation of America ("CCA") submit to the Court the following Proposed Case Management Order:

### I. Jurisdiction and Venue

The parties agree that 28 U.S.C. §§ 1331 and 1343 provide this Court original jurisdiction over Plaintiff's federal law claims and that 28 U.S.C. § 1367 provides this Court supplemental jurisdiction over Plaintiff's state law claims. CCA, however, contends that any dismissal of Plaintiff's federal law claims mandates dismissal of Plaintiff's supplemental state law claims.

### II. Service of Process

Plaintiff completed service of process on CCA.

### III. Responsive Pleadings

On August 12, 2008, CCA filed a Motion to Dismiss[1], seeking dismissal of Plaintiff's Complaint in its entirety. As noted in this Court's August 25, 2008 Order, Plaintiff shall file a

---

[1] In its August 22, 2008 Order, this Court found that, because CCA's Motion to Dismiss contained matters outside the pleadings, the Court would treat it as a Motion for Summary Judgment.

Response on or before October 6, 2008. Although not specifically stated in this Court's August 25, 2008 Order, CCA shall file a Reply on or before October 20, 2008.

## IV. Theories of the Case

### A. Theory of the Case (Plaintiff):

Plaintiff alleges federal law causes of action under 42 U.S.C.S. § 1983 for Defendant's violations of Mr. Frank Horton's Eighth and First Amendment constitutional rights and a state law cause of action for intentional infliction of emotional distress. Factually, Plaintiff is the Conservator of Mr. Frank Horton and brings this claim after his transfer from Defendant's custody. Mr. Horton entered Defendant's detention facility on December 9, 2005 with mild to moderate mental health illnesses and transferred from Defendant's facility on April 11, 2008. During Mr. Horton's tenure in the facility, Defendant was acting under color of state law as a contractor with the Metropolitan Government of Nashville and Davidson County, Tennessee to manage the detention facility and supervise State and Metro prisoners. During his detention, Mr. Horton suffered from physical violence at the hands of other inmates and Defendant's own personnel. Defendant placed Mr. Horton in a segregated and solitary cell for extended periods of time and failed to provide sufficient medical or mental health treatment and provided no opportunities for sanitation or recreation. Defendant did not allow Mr. Horton to receive visitors and restricted his personal correspondence without rational justification. The mild to moderate preexisting mental health illnesses from which Mr. Horton suffered before his detention deteriorated with Defendant's knowledge and were severely exacerbated to the point where he was unable to speak in a comprehensible manner or maintain an awareness of his surroundings.

Defendant's deliberate indifference to the serious mental health needs of Mr. Horton created a serious threat to his mental health and constitutes an unnecessary and wanton infliction

of pain on Mr. Horton in violation of his Eighth Amendment constitutional rights. Mr. Horton's extended and uninterrupted tenure in solitary and isolated confinement without appropriate medical care and recreational and sanitary opportunities created an intolerable condition of confinement and constitutes cruel and unusual punishment under contemporary standards of decency in violation of Mr. Horton's Eighth Amendment constitutional rights. Defendant's failure to take reasonable measures to guarantee the reasonable safety of Mr. Horton and failure to protect Mr. Horton from physical violence at the hands of other inmates and Defendant's employees constitutes a violation of Mr. Horton's Eighth Amendment constitutional rights. Defendant's improper restrictions on Mr. Horton's personal mail with no rational reason for failing to deliver Mr. Horton's personal mail constitutes a violation of Mr. Horton's First Amendment constitutional rights. Additionally, Defendant's outrageous and truly awful conduct with regard to Mr. Horton is contrary to modern society's accepted norms and standards of decency towards another human being and resulted in Mr. Horton's clear and substantial emotional distress.

**B.     Theory of the Case (Defendant):**

CCA has not yet completed its factual investigation of the incident at issue in this lawsuit. Nevertheless, CCA submits that dismissal of Plaintiff's Complaint is warranted. Specifically, dismissal of Plaintiff's Eighth and First Amendment claims (Causes of Action II, III, and IV) is appropriate because Plaintiff failed to exhaust his administrative remedies and because Plaintiff cannot hold CCA liable for the alleged constitutional violations of its employees on a respondeat superior theory. Likewise, dismissal of Plaintiff's Eighth Amendment Claim (Causes of Action II and III) is appropriate because Plaintiff cannot hold CCA liable for any alleged constitutional violations in the absence of physical injury. Finally, dismissal of Plaintiff's intentional infliction

3

of emotional distress claim (Cause of Action I) is appropriate because dismissal of Plaintiff's federal claims mandates dismissal of Plaintiff's supplemental state law claim.

## V. Schedule of Pre-Trial Proceedings

**A.** **Rule 26 Initial Disclosures**: The parties shall make their Rule 26 Initial Disclosures on or before October 31, 2008.

**B.** **Discovery**: There shall be no stay of discovery pending disposition of any motions. The parties shall complete all fact discovery, including fact discovery of non-parties, on or before April 1, 2009, with the exception of Requests for Admission, which may be served on or before September 2, 2009. All written discovery shall be submitted in sufficient time so that the response shall be in hand by April 1, 2009. The parties shall file all discovery related motions on or before June 1, 2009, with the exception of motions regarding Requests for Admission. No motions concerning discovery shall be filed until the parties have conferred ~~face-to-face~~ in good faith and have jointly signed a discovery dispute statement setting forth the disputed issues. The parties must complete all depositions of witnesses for use at trial at least sixty (60) days prior to trial of this matter.

**C.** **Rule 26 Expert Disclosures**: Plaintiff shall serve (not to file with the Court) all Rule 26 Expert Disclosures on or before June 1, 2009. Defendant shall serve (not to file with the Court) all Rule 26 Expert Disclosures on or before July 13, 2009. The parties shall serve (not to file with the Court) all Rule 26 Expert Disclosure Supplements on or before August 17, 2009.

**D.** **Expert Discovery**: The parties shall complete all expert discovery by October 23, 2009.

## VI. Motions to Amend

The parties shall file all Motions to Amend by April 15, 2009.

## VII. Dispositive Motion Deadline

The parties shall file dispositive motions on or before November 23, 2009. The parties shall file responses to any such motions on or before December 8, 2009 *or 15 days after the filing of the motion, whichever is earlier*. The parties shall file replies on or before December 22, 2009 *or 14 days after the filing of the response, whichever is earlier*.

## VIII. Additional Case Management Conferences

In the event the parties determine that additional Case Management Conferences are necessary, they shall contact the Court to schedule such Conferences as needed.

## IX. Pre-Trial / Target Trial Date

~~A Pretrial Conference shall be held on _____. The parties shall submit a Proposed Pretrial Order at the Pretrial Confere~~nce.

The parties anticipate that the case will be ready for a jury trial after April 1, 2010 (ninety-days after briefing is closed on dispositive motions). The parties expect the trial to last approximately **3-4** days. ~~If the parties settle this action, they shall notify the Law Clerk by noon on _____.~~ If the settlement ~~is reached thereafter~~ resulting in the non-utilization of jurors, the ~~costs of~~ summoning jurors may be taxed to the parties dependent upon the ~~circumstances.~~

Entered this ___ day of _____, 2008.

IT IS SO ORDERED

_____
~~JOHN T. NIXON~~
UNITED STATES ~~DISTRICT~~ JUDGE
*Magistrate*